# PRACTICE REPORTS.

## SUPREME COURT.

THE PEOPLE on the relation of THE CENTRAL NATIONAL
BANK agt. EDWARD FITZGERALD as treasurer of Rensselaer
county.

*Mandamus — the proper remedy to compel the payment by the county treasurer
of certain bills audited by a board of supervisors — certificates of audit con-
clusive as between the parties — estoppel.*

Where bills of several individuals, which were in the form prescribed by
law, were duly presented to the board of supervisors of a county, who,
acting in their judicial capacity, passed upon and audited the same,
giving to each person a certificate of audit, which certificates were duly
assigned to the relator, who advanced the money thereon:

*Held*, that on the refusal of the county treasurer to pay the same a manda-
mus was the proper remedy to compel their payment.

The certificate of audit is conclusive against the county. As the law gives
no appeal from the determination of the board of supervisors in audit-
ing and allowing, or rejecting claims properly submitted to be audited,
it necessarily follows that their action is final and conclusive.

*It seems* the principle of estoppel applies, and prevents the county treas-
urer setting up that the persons in whose favor the certificates were
given are fictitious and the bills fraudulent.

*Albany Special Term, May,* 1877.

MOTION for a peremptory mandamus.

*Messrs. Neary & Martin,* for relator.

*Mr. E. L. Fursman,* for respondent.

WESTBROOK, *J.* — The board of supervisors of the county
of Rensselaer, at its regular session in 1876, audited several
bills to different individuals, which were in the form pre-

scribed by law and duly presented, and of such auditing, also by the order of the board, the clerk thereof gave to each a certificate of audit. These certificates were duly assigned to the relator, which in good faith, and believing the claims to be honest, advanced the money. The county treasurer, who is the respondent, refused to pay the same, and the application is for a peremptory mandamus to compel their payment.

The above facts are admitted, but the respondent states he has been unable to find the parties in whose favor the bills were audited, and that he verily believes that such alleged persons are fictitious and the bills fraudulent. He therefore insists that the validity of the several claims should be tested by a trial.

In *Martin* agt. *The Board of Supervisors of the County of Greene* (29 *N. Y.*, 645), it was held, that the audit of the board of supervisors was conclusive as between the parties as to the amount of the claim, and that no action would lie to recover the amount disallowed because erroneously or improperly rejected. If the audit is conclusive in favor of the county, why is it not equally conclusive against it? The audit of the bills, which are the matter of controversy in this proceeding, was strictly in conformity with chapter 379 of the Laws of 1874. The clerk did designate upon each account the precise facts which that statute requires, "the time when and the amount audited and allowed thereon," and subscribed his name thereto "officially as the clerk of such board." Every person who saw that certificate was thus informed, that the only body which could pass upon the claim had declared it to be valid, and had given to it a certificate, upon which the treasurer of the county must act. If that audit, of which the certificate was the evidence, was fraudulent, who should lose, the innocent purchaser of the claim, or the county, the agent of which has deceived him? Without any elaborate discussion of the principles involved, it seems to me that the county, and not the buyer, should be the loser.

People agt. Fitzgerald.

Strictly speaking, the certificate of the clerk of the board of supervisors is, perhaps, not a negotiable instrument, but in practice is so treated. The case of *Pardee* agt. *Fish* (60 *N. Y.*, 265) is analagous, it seems to me, in principle to this. A bank which, through its officers, gives a certificate of deposit would be liable thereon, and I see no reason why the county should not be in this. Its liabilities depend upon the principle of estoppel which has been frequently applied to certificates declaring a certain sum due upon a mortgage, note or an account.

Motion for peremptory mandamus granted.